**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Harper,* Slip Opinion No. 2015-Ohio-3277.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3277

IN RE APPLICATION OF HARPER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Harper,* Slip Opinion No. 2015-Ohio-3277.]**

*Attorneys—Character and fitness—Application to retake the bar exam—Applicant has been convicted of a felony for assisting in the preparation of false federal income-tax returns and has failed to provide complete and accurate information on multiple applications to take the bar exam— Application disapproved and applicant is forever precluded from reapplying to take the bar exam.*

(No. 2014-1552—Submitted February 24, 2015—Decided August 18, 2015.)

ON REPORT by the Board of Commissioners on Character and

Fitness of the Supreme Court, No. 494.

_____

**Per Curiam.**

{¶ 1} Byron Louis Harper of Bedford Heights, Ohio, is a 1999 graduate of the University of Akron School of Law.  He has taken but failed the Ohio Bar

exam on multiple occasions beginning in February 2000. This matter is currently before the court on his application to retake the bar exam.

{¶ 2} A two-member panel of the Akron Bar Association admissions committee interviewed Harper in January 2011, and the committee issued a final report recommending that his character and fitness be disapproved based primarily on his 2010 felony conviction for aiding and abetting in the preparation of false federal income-tax returns over a period of four years. Harper appealed that recommendation to the Board of Commissioners on Character and Fitness.

{¶ 3} A panel of the board conducted a hearing on May 28, 2014, and issued a report finding that Harper had not met his burden of proving by clear and convincing evidence that he possessed the requisite character, fitness, and moral qualifications for admission to the practice of law. Citing Harper's felony conviction, his lack of candor in the admissions process, his financial irresponsibility, and a 2010 certification by his treating psychiatrist that he is not able to work "in any capacity in any field of work," the panel recommended not only that his pending application be disapproved, but that he be forever barred from reapplying for admission to the Ohio bar. The board adopted the panel's findings and recommendation.

{¶ 4} Harper objects to the board's recommendation, arguing among other things that the board's reliance on his credit report and on his application for a disability discharge of his student loans that included his psychiatrist's certification—both of which the board requested at the hearing and Harper submitted shortly thereafter—deprived him of due process. We overrule his objections and adopt the findings and recommendation of the board.

## Findings and Recommendation of the Board

{¶ 5} Harper has owned and operated a tax-preparation and accounting business, Byron L. Harper & Associates, Inc., for some time. In 2009, he was charged in federal district court by way of an information with aiding and

2

assisting in the preparation of false federal income-tax returns in violation of 26 U.S.C. 7206(2)—a felony charge that the board deemed comparable to a fifth-degree felony under Ohio law. He pleaded guilty to the information, admitting that he had prepared at least 57 false and fraudulent income-tax returns for no fewer than 19 clients by which they obtained unwarranted or inflated refunds totaling $112,130.

{¶ 6} Harper was sentenced in March 2010 to eight months in federal prison followed by six months of house arrest, but he was not ordered to make restitution. He reported his felony conviction on his November 2010 reexamination application and stated that he had "made an error in judgment by giving clients information to maximize their tax returns."

{¶ 7} At the hearing before the panel of the board, Harper testified that in May 2007, Internal Revenue Service ("IRS") agents arrived at his office, unannounced, to question him about tax returns that he had prepared. He retained a criminal-defense attorney shortly after their visit, and he soon learned that the IRS had contacted a number of his clients to discuss their tax returns.

{¶ 8} Although Harper was aware that the IRS had initiated an investigation into his conduct, he claimed at the hearing that he had had no contact with the IRS about the matter from July 2007 until charges were filed against him in November 2009. During that time, he applied to take the bar exam several times, but he failed to disclose his interaction with the IRS agents on his applications and in his character-and-fitness interviews. Harper also attempted to minimize his role in the preparation of false federal income-tax returns—claiming that he was the unwitting victim of unscrupulous clients and faulting himself for being too trusting and failing to implement sufficient safeguards to verify the information he received from his clients—rather than accept responsibility for his actions.

**{¶ 9}** The board found that Harper had filed for personal bankruptcy on at least seven occasions from 2006 through 2009 and was troubled by his failure to disclose those filings on his previous successive bar-exam applications. All of these bankruptcy cases were dismissed for procedural reasons prior to completion, and the board noted that some of the dismissals were due to Harper's failure to comply with court orders. Moreover, the board found that while Harper insisted in his testimony that all his debts were current, the credit report that he submitted after the hearing showed several debts that were past due and in collections. Therefore, the board concluded that Harper either was not forthright with the panel or he did not have accurate knowledge of his own financial obligations.

**{¶ 10}** Finally, the board expressed concern regarding Harper's mental and physical health. While Harper disclosed a history of depression in his bar-exam applications, at the hearing, he further disclosed that he had obtained a total-and-permanent-disability discharge of his student-loan obligations. In addition to providing a copy of his credit report, Harper also submitted a copy of his discharge application and supporting documentation to the panel on or after June 17, 2014. The instructions on that application state that in order to qualify for a total-and-permanent-disability discharge of student-loan obligations, an applicant must certify that he or she is unable to work and earn money due to a condition that is expected to continue indefinitely or result in death.

**{¶ 11}** As part of his application for the discharge of his student loans, Harper had submitted an April 12, 2010 certification from his treating psychiatrist identifying two diagnoses that rendered him unable to work: (1) major depression, recurrent and (2) chronic fatigue syndrome. The psychiatrist described Harper's chronic fatigue as being "quite severe, with debilitating fatigue, unrefreshing sleep, [and] impaired memory and concentration" and reported that Harper requires "a lot of help/reminders/supervision for many basic activities (e.g. eating, taking medication)" and is "easily overwhelmed." She also identified a number

4

of social and behavioral limitations including irritability, a short temper, feeling easily frustrated and overwhelmed, forgetfulness, difficulty concentrating, and an inability to deal with stress. The board, therefore, determined that Harper could not meet the essential eligibility requirements to practice law in Ohio because he did not possess (1) the cognitive capacity to learn, to recall what he has learned, or to reason and to analyze, (2) the ability to conduct himself diligently and reliably in fulfilling all obligations to clients, attorneys, courts, and others, and (3) the ability to comply with deadlines and time constraints. *See Definitions of Essential Eligibility Requirements for the Practice of Law*, Nos. 1, 7, and 9, http://www.supremecourt.ohio.gov/AttySvcs/admissions/pdf/ESSENTIAL_ELIG IBILITY_REQUIREMENTS.pdf (accessed July 9, 2015).

{¶ 12} On these facts, the board recommended that Harper's application be permanently disapproved and that he not be permitted to reapply as a candidate for the Ohio bar exam. Harper objects, arguing that the board's recommendation is based not on his current character but on events that occurred in the past, that the board did not set forth the specific facts upon which its findings are based, and that he was not afforded any opportunity to respond to the documentary evidence that he submitted after the panel hearing. He also contends that his actions should not prevent him from seeking admission to the bar in the future.

**Disposition**

{¶ 13} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

**{¶ 14}** Here, the record amply supports the board's findings that Harper has (1) been convicted of a felony for filing 57 fraudulent tax returns, (2) failed to provide complete and accurate information in multiple applications to take the Ohio bar exam about his debts and his bankruptcy filings, (3) made statements that were false and that omitted material facts, (4) engaged in acts involving dishonesty, fraud, deceit, or misrepresentation, (5) neglected his financial responsibilities, and (6) failed to comply with orders of the bankruptcy court. *See* Gov.Bar R. I(11)(D)(3)(a), (g), (h), (i), (k), and (m).

**{¶ 15}** The record also shows that Harper suffers from a combination of physical and mental conditions that he and his treating psychiatrist affirmatively declared (and the federal government found) have rendered him unable to work in *any* field—and that those conditions are expected to continue indefinitely. In an April 2014 report, Harper's psychiatrist states that he is compliant with his current treatment regimen, that he is determined to fulfill his responsibilities as the head of his family, and that he strives to set a positive example for his children. Notably absent from that report, however, is any indication that Harper's physical and mental limitations have improved to the point that he is presently—or will in the future be—capable of practicing law in a competent, ethical, and professional manner. Thus, nothing in the record contradicts the psychiatrist's April 2010 certification that Harper's mental and physical conditions will continue to render him totally and permanently disabled.

**{¶ 16}** We reject Harper's claims that he was denied the opportunity to respond to the information contained in his credit report and application for the discharge of his student loans. He had ample opportunity to address the underlying financial and medical issues at the panel hearing and did not object to the panel's request that he provide the documents after the hearing. Moreover, because he and/or his counsel submitted the documents to the board, he was presumably aware of their content and made no effort to offer (or seek leave to

offer) rebuttal—although he did submit two character references that were not solicited by the panel. We likewise reject Harper's arguments that the board's recommendation is based on his past conduct rather than his current character and abilities, that the board has failed to set forth the specific facts upon which its findings are based, and that his conduct is not sufficiently egregious to prevent him from reapplying in the future.

{¶ 17} Accordingly, we overrule each of Harper's objections, adopt the board's findings of fact, and conclude that Harper has failed to meet his burden of proving that he possesses the requisite character, fitness, and moral qualifications for admission to the bar. We also order that Harper be forever precluded from reapplying for the privilege of practicing law in this state.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and KENNEDY, JJ., concur.

FRENCH and O'NEILL, JJ., dissent and would permit the applicant to reapply for the 2020 bar examination.

_____

Daniel D. Wilt, for applicant.

Michael A. Creveling, for Akron Bar Association.

_____